# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**KENNY F. EDMONSON**                                                 **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 2:07-cv-46-KS-MTP**

**MATT ISHEE, et al.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. The Plaintiff, an inmate currently incarcerated in the Hinds County Detention Center, Raymond, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.[1] The Plaintiff has named the following as defendants in this case: Matt Ishee, Larry Dykes, Jones County Board of Supervisors, Community Bank, Laurel Leader Call Newspaper, Brian Livingston, State Bank & Trust Company, State of Mississippi, Chief of Police of the City of Brandon, David B. Clark, City of Brandon, Rogers-Usry Chevrolet-Hummer, Anthony Buckley, Ronald Broom, Gary Johnston, Johnston Auto Sale, David Lyons, Martin Beech, Ronnie Pennington, Yazoo County Board of Supervisors, James Williams, Rankin County Board of Supervisors, Laurelwood Apartments, David Ruth, Mayor of Brandon, Richard D. Nash, SRT Towing, NCIC, and On-Star Tracking System.

On July 5, 2007, the Plaintiff was granted *in forma pauperis* status and he was ordered to file a written response to provide specific information to the Court. On July 16, 2007, Plaintiff

---

[1] Plaintiff states that he is currently incarcerated awaiting trial based on an indictment by Hinds County Circuit Court for felony false pretense.

filed his Response [13] and a Motion to Amend [14], which was granted on November 16, 2007. The Plaintiff filed a second Motion to Amend [16] on October 23, 2007, requesting the addition of Michael P. Guest, Michael Boland, Sandra C. Beck, Craig L. Slay, the law firm of Adams & Edens, City of Laurel, Tyrone Stewart, other unknown police officers, Recovery Towing Service, Barnett-Towing Service, George Barnett, and Dennis Froshour as named defendants. The Court grants this Motion [16] to Amend to the extent that the allegations contained within the pleading will be considered by the Court.

## Background

Plaintiff complains about his 2003 arrest for false pretense in relation to a transaction involving a Nissan Maxima and Hummer from Rogers-Usry Chevrolet in Brandon, Mississippi. Plaintiff states that on July 11, 2003, he was arrested in Jones County, Mississippi, for two counts of possession of stolen property in relation to these vehicles. Plaintiff states that the District Attorney at that time ordered the Jones County Sheriff's Department to immediately drop the charges. Plaintiff states that sometime in 2003, he was arrested by Rankin County officers based on a July 11, 2003 indictment for two counts of false pretense in relation to these two vehicles. Plaintiff states that this indictment was dismissed on April 18, 2005.[2] Although, Plaintiff has listed Madison County as a place of

---

[2] Attached to Plaintiff's Motion to Amend [16] is an affidavit in support of a motion for summary judgment signed by District Attorney Michael P. Guest on March 1, 2006, in the case of *Edmonson v. Rogers-Dabbs Chevrolet Hummer, Inc.*, in the Circuit Court of Rankin County, Mississippi. This affidavit states that the indictments for the two charges of false pretense were dismissed by the presiding judge at a pre-trial hearing, on the basis of a typographical error, inasmuch as the incorrect Mississippi Code section was listed.

arrest and incarceration in 2003, he fails to provide any details involving an arrest or imprisonment by Madison County officers.[3]

In sum, Plaintiff alleges that the defendants were involved in a conspiracy to violate his civil rights by causing him to be falsely arrested and falsely imprisoned for nothing more than a contract dispute or civil matter.  In addition, Plaintiff complains about the Laurel Leader Newspaper failing to print a retraction after the Court's ruling in his favor.  Plaintiff seeks monetary damages as relief.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *See Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n

---

[3]The Court notes that during this time period, Plaintiff was arrested based on a probation violation warrant for his federal conviction of Access Device Fraud. Plaintiff bonded out on July 9, 2003, and was later arrested for violation of this bond. Ultimately Plaintiff's term of supervised release was revoked by United States District Judge William H. Barbour.  *See* civil action numbers 3:01cr27 and 3:04cv935, filed in this Court. As a result, Plaintiff was ordered to serve 14 months incarceration followed by a 22 month term of supervised release. Madison County Detention Center houses federal inmates.

an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

After reviewing Plaintiff's complaint along with the entire court record and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusion. The Plaintiff's claims are time-barred by the applicable statute of limitations.

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because there is no federal statute of limitations for civil rights actions, the general personal injury limitations period for Mississippi applies. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (A federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983.); *Gates v. Walker*, 865 F.Supp. 1222, 1230 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995). The Mississippi statute for general personal injury limitations period is three years. Miss. Code Ann. § 15-1-49 (1972), as amended. Even though

Mississippi law governs the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Piotrowski*, 237 F.3d at 576 (*citing Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir.1992))(*quoting Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)), *cert. denied*, 507 U.S. 914 (1993). The federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). The State of Mississippi does not provide a tolling provision for incarceration. The Plaintiff's claims of false arrest and imprisonment in 2003 accrued more than three years prior to filing the present action on March 5, 2007, and are time-barred. [4]

However, applying a liberal construction to Plaintiff's pleadings, the Court has also reached the following conclusions. Assuming arguendo, Plaintiff's claims regarding a retraction by the Laurel Leader Newspaper did not accrue until the 2005 dismissal of the

---

[4] In an effort to be exhaustive, the Court has also considered the possibility that Plaintiff's claims were not ripe under *Heck v. Humphrey*, until the Rankin County indictments were dismissed in 2005. However, the Court finds that Plaintiff's claims of false arrest and false imprisonment would not have been barred under the *Heck* doctrine in 2003, for two main reasons. There appears to be no conviction or sentence that would have been invalidated and even if the Plaintiff argues such, a valid conviction may follow an illegal arrest. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir.1995)(a successful § 1983 unlawful arrest action does not necessarily imply the invalidity of an underlying conviction); *Brown v. Edwards*, 721 F.2d 1442, 1448 (5th Cir.1984); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir.1998)(holding that *Heck* did not toll statute of limitations for false arrest claim because proof of claim would not invalidate drunk driving conviction).

Rankin County indictments, they would not be time-barred.[5]  Nonetheless, mere injury to one's reputation, without more, does not demonstrate a constitutional deprivation and Plaintiff cannot proceed with these claims.  *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988).  Moreover, the allegations presented in the Plaintiff's Motion to Amend [16] regarding Plaintiff's on-going civil litigation in Rankin County Circuit Court are barred by what has become known as the Rooker-Feldman doctrine, that "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'"  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(*citing Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[6]

## Conclusion

In sum, Plaintiff's claims are barred by the applicable statute of limitations, thus, they lack an arguable basis in law and are properly dismissed as frivolous.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).  As explained above, any claims that may not be barred by the statute of limitations, fail to rise to the level of a constitutional deprivation.  Therefore, this complaint will be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison

---

[5] Since the City of Laurel is located in Jones County, the more likely scenario is Plaintiff desired a retraction from this newspaper when the charges by Jones County were dismissed in 2003.

[6] Referencing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Litigation Reform Act, it will be counted as a "strike."[7]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with Memorandum Opinion will be entered.

SO ORDERED, this the 18th day of December, 2007.

                              *s/ Keith Starrett*
                              UNITED STATES DISTRICT JUDGE

---

[7] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.